The TRENTON BANKING COMPANY v. Z. ROSSELL, Trustee of ANN E. WOODRUFF.

A new trial of an issue directed by this court will not be granted, merely because on the former trial the judge misdirected the jury, if upon the whole evidence the court is satisfied that the verdict is right.

THIS cause came on for hearing, in pursuance of an order of the court, made at the term of July last, upon the application of the complainants to set aside a verdict, and to grant a new trial of a feigned issue ordered by this court. The issue was tried at the Mercer circuit, in June term, 1841, and a verdict rendered in favor of the defendant. A state of the case had been prepared, pursuant to the order of the court at the last term.

*Wilson* and *J. S. Green*, for complainants. It is apparent upon the state of the case, that the judge who tried the cause at the circuit misdirected the jury, and that the verdict was rendered in consequence of such misdirection. The jurors, in rendering the verdict, expressly declared, that they found their verdict under the instructions of the court. A verdict ought never to

[Trenton Banking Co. v. Rossell, trustee, &c.]

be maintained upon unsound principles publicly pronounced: *Thompson* v. *Burdsall*, 1 *Southard*, 172; *Lippincott* v. *Souder*, 3 *Halsted*, 161.

*Wall* and *H. W. Green*, contra. No error was in fact committed by the judge before whom the issue was tried at the circuit. But admitting an error to have been committed, there is no ground for a new trial. Applications for new trials of feigned issues ordered by a court of equity, are governed by different principles from those which prevail on similar applications in a court of law. The object of a feigned issue in this court is to satisfy the mind of the equity judge upon matters of fact, and the object is attained when he is satisfied that at the trial justice has been done. When the conscience of the chancellor is satisfied, no new trial will be granted, no matter what errors in point of law may have been committed on the trial. Upon this principle, new trials have been refused where improper evidence was admitted, where legal evidence was rejected, and where the charge to the jury was erroneous, the chancellor being satisfied that the verdict was right: *Booth* v. *Blundell*, 19 *Vesey*, 503; *Hampson* v. *Hampson*, 3 *Vesey and B.* 41; *Stace* v. *Mabbott*, 2 *Vesey, sen.* 553; *Barker* v. *Ray*, 2 *Russell*, 63; *Mulock* v. *Mulock*, 1 *Edwards*, 14; *Apthorp* v. *Comstock*, 2 *Paige*, 487–8.

THE CHANCELLOR. Upon looking into the state of the case I am satisfied that the verdict, upon all the evidence, is right, and in accordance with the facts of the case. This being my conviction, I deem it entirely unnecessary to examine the question whether any such misdirection of the jury was in fact made by the judge who tried the cause at the circuit, as is insisted on by the counsel of the complainants. The object of a feigned issue ordered by this court, is to satisfy the conscience of the court upon a doubtful or disputed fact. That end being attained, the object of the issue is accomplished, and it is a well settled rule that under such circumstances a new trial should not be granted.

Motion denied.